**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Donald MEADOWS, Defendant-**
**Appellant.**

**No. 71-1436.**

United States Court of Appeals,
Sixth Circuit.

Jan. 10, 1972.

Donald Arkovitz, Nashville, Tenn., for defendant-appellant.

Ira E. Parker, III, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and PECK and MILLER, Circuit Judges.

PER CURIAM.

James Meadows appeals his perjury conviction on the ground that the evidence is insufficient to support the verdict. We affirm.

In July 1970 Harold Meadows, appellant's brother, was tried in United States District Court on a Dyer Act charge. James, in supplying an alibi for his brother, testified as follows:

"Q   Was your brother (Harold Meadows) working for you on March 5th and 6th?

"A   Yes.

  *     *     *     *     *     *

"Q   All right.   You would also say he (Harold Meadows) worked for you on March 4th, wouldn't you?

"A   Right.

"Q   And 5th and 6th and 7th?

"A   Right.

  *     *     *     *     *     *

"Q   How about March 4th, March 4th?

"A   March 4th I would say he was there.

"Q   Do you know whether he was there or not?

"A   He was there every day."

Following Harold's conviction, James Meadows was indicted for perjury as a result of this testimony, the Government alleging that Harold Meadows was in fact in Atlanta or Marietta, Georgia, on March 4 and 5, 1970.   The jury found him guilty as charged.

In considering Meadows' claim, we take that view of the evidence and the inferences reasonably drawn therefrom in the light most favorable to the Government.   Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Conti, 339 F. 2d 10, 13 (6th Cir. 1964).

The Government's evidence at the trial of James Meadows may be summarized as follows: Jimmy Thomas, Harold's codefendant, testified that he and Harold had stayed at a Howard Johnson Motel in Marietta on March 4 and 5, and that the rooms were charged on a Mr. Fagan's credit card.   A Howard Johnson official identified business records showing that two individuals, using Fagan's credit card, had checked into the Howard Johnson Motel South in Atlanta at 6:13 a. m. on March 4 and had checked out at 12:56 p. m. the same day, and had checked into the Howard Johnson Motel Northwest in Atlanta at 2:11 a. m. on March 5 and had checked out at 12:19 p. m. the same day.   The room record further showed a call at 7:52 a. m. on March 5 to a Nashville telephone subsequently identified as that of James Meadows.   Edwin Fagan testified that he had loaned a gasoline credit card to Harold Meadows during the time in question and identified the room invoices as charged to his card.   Roscoe Mullinax, a Marietta automobile dealer, testified that Harold Meadows was in his place of business early in the evening of March 4.

We hold that there was ample evidence to support the verdict of the jury that James Donald Meadows was guilty of perjury.

Affirmed.